OHIO CENTRAL CREDIT UNION, INC., APPELLEE, *v.*
WAGNER, SUCCESSOR LIQUIDATOR OF HAMFAB CREDIT
UNION, INC., ET AL., APPELLANTS.

[Cite as Ohio Central Credit Union v. Wagner (1980),
67 Ohio App. 2d 138.]

(No. C-780817—Decided February 27, 1980.)

*Messrs. Parks, Eisele, Bates & Wilsman, Mr. John A.*
*Hallbauer, Messrs. Brown, Korbee, Cummins & Brown* and
*Mr. Harold G. Korbee,* for appellee.

*Mr. Thomas W. Bibus, Mr. William J. Brown,* attorney
general, and *Mr. James B. Farmer,* for appellants.

*Per Curiam.* Plaintiff-appellee, Ohio Central Credit
Union, Inc. (hereinafter OCCU), brought suit against
defendant-appellant Hamfab Credit Union, Inc. (hereinafter
Hamfab), and its liquidator to recover money which OCCU had
loaned to Hamfab pursuant to open-end credit agreements.
The complaint alleged an unpaid balance of $563,209 and ac-
crued interest in the amount of $7,284.48, a total of
$570,493.48. Hamfab admitted an indebtedness of
$378,056.96 plus interest, but alleged that OCCU should be
estopped from recovering any further amount because the
loans were not approved by the acting Supervisor of Credit
Unions and violated borrowing limitations imposed by the
Ohio Revised Code on a credit union. OCCU's motion for sum-

mary judgment was granted by the Court of Common Pleas of Hamilton County. Hamfab appeals, asigning as error the award of summary judgment to OCCU.

Hamfab contends that, as a matter of law, a loan contract between two credit unions which violates an express provision in the Ohio Credit Union Act (R. C. Chapter 1733) is an illegal act which is, therefore, void and unenforceable. We disagree. The statute in question, R. C. 1733.04(B)(1), provides as follows:

"A credit union may not borrow money in excess of twenty-five per cent of its unimpaired capital and surplus, without prior specific authorization by the supervisor."

We hold that Hamfab's act of borrowing in excess of this statutory limit was *ultra vires*, but not illegal. In so doing, we distinguish the case of *Medill* v. *Collier* (1866), 16 Ohio St. 599, cited by Hamfab. The statute violated in *Medill* prescribed an act which the defendants' banking corporation had to perform before the corporation initially would be authorized to conduct business. Noncompliance with this statute rendered all subsequent activities of the corporation illegal. In the case *sub judice,* Hamfab's original empowerment to borrow money is not at issue. The statute which Hamfab violated merely regulated the amount which Hamfab could borrow without being subject to the penalty provided in R. C. 1733.36(A).[1] Moreover, R. C. 1733.04(B)(1) places restrictions on a credit union as a borrower, rather than as a lender, as Hamfab concedes in its brief. Thus, it cannot be said that OCCU committed an *ultra vires* act in violation of R. C. 1733.04(B)(1) by lending money to Hamfab. Finally, R. C. 1701.13(H)[2] forbids the assertion of the defense of *ultra vires* in an action, such as the one *sub judice,* between two corporations. We find no basis

---

[1] R. C. 1733.36(A) provides that if the share capital of a credit union is impaired, the Supervisor of Credit Unions may suspend all or part of the credit union's operations for a period of not more than sixty days.

[2] R. C. 1701.13(H) provides:

"No lack of, or limitation upon, the authority of a corporation shall be asserted in any action except (1) by the state in an action by it against the corporation,. (2) by or on behalf of the corporation against a director, an officer, or any shareholder as such, (3) by a shareholder as such or by or on behalf of the holders of shares of any class against the corporation, a director, an officer, or any shareholder as such, or (4) in an action involving an alleged overissue of shares. This division shall apply to any action brought in this state upon any contract made in this state by a foreign corporation."

for sustaining the assignment in this portion of Hamfab's argument.

Hamfab also argues the following issue:

"Equity and public policy require that a credit union responsible for instigating and thereafter making a series of loans to another credit union in violation of the Ohio Credit Union Act be estopped from enjoying the priority usually afforded to creditors of a credit union in liquidation."

Hamfab contends that the Ohio Credit Union Act was designed to protect the shareholder members of a credit union and that because OCCU participated in a statutory violation which led to the ultimate detriment of the Hamfab shareholder members, OCCU's claim should not be accorded priority. R. C. 1733.37, which prescribes the procedure for the liquidation of a credit union, provides, in pertinent part, as follows:

"(A)***[T]he liquidating agent***shall use the assets of the credit union to pay: first, expenses incidental to liquidation***; second, *any liability due nonmembers*; third, redemption of shares and shares accounts.***" (Emphasis added.)

This statute clearly gives creditors, such as OCCU, priority over shareholders in the liquidation of the assets of a credit union. Since we have decided that OCCU's act of lending money to Hamfab was neither illegal nor *ultra vires,* we find no basis upon which OCCU should be estopped from asserting its priority over the shareholders. The assignment is overruled.

We hold that, as a matter of law, the loan contract between Hamfab and OCCU is legal and enforceable and that the trial court did not commit error in granting the motion for summary judgment of OCCU. We affirm.

*Judgment affirmed.*

BETTMAN, P. J., PALMER and KEEFE, JJ., concur.